NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| WILLIAM SANCHEZ SANTOS, | : | |
| Plaintiff, | : | Civil Action No. 15-1857 (SRC) |
| v. | : | **OPINION** |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

**CHESLER, District Judge**

This matter comes before the Court on the appeal by Plaintiff William Sanchez Santos ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that he was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. CIV. R. 9.1(b), finds that the Commissioner's decision will be affirmed.

In brief, this appeal arises from Plaintiff's application for disability insurance benefits, alleging disability beginning October 12, 2010. A hearing was held before ALJ Patrick Kilgannon (the "ALJ") on June 27, 2013, and the ALJ issued an unfavorable decision on August 27, 2013, finding Plaintiff not disabled. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

In the decision of August 27, 2013, the ALJ found that, at step three, Plaintiff did not

meet or equal any of the Listings. At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform light work, with certain limitations. At step four, the ALJ also found that this residual functional capacity was not sufficient to allow Plaintiff to perform his past relevant work. At step five, the ALJ consulted a vocational expert and concluded that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with his medical impairments, age, education, past work experience, and residual functional capacity. The ALJ concluded that Plaintiff was not disabled within the meaning of the Act.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed and the case remanded on the sole ground that the ALJ improperly discounted the evidence of Plaintiff's kidney stones. Plaintiff's brief raises this issue in regard to two steps in the five-step process: 1) at step two, the ALJ failed to find that Plaintiff's kidney stones were a severe impairment; and 2) at step four, the ALJ erroneously concluded that Plaintiff's kidney stones did not result in any functional limitations.

Plaintiff's case on appeal suffers from two principal defects: 1) its failure to deal with the issue of the burden of proof at the first four steps of the sequential evaluation process; and 2) its failure to deal with the harmless error doctrine. As to the burden of proof, Plaintiff bears the burden in the first four steps of the analysis of demonstrating how her impairments, whether individually or in combination, amount to a qualifying disability. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

As to the harmless error doctrine, the Supreme Court explained its operation in a similar procedural context in Shinseki v. Sanders, 556 U.S. 396, 409 (2009), which concerned review of

a governmental agency determination. The Court stated: "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." Id. In such a case, "the claimant has the 'burden' of showing that an error was harmful." Id. at 410.

Plaintiff thus bears the burden, on appeal, of showing not merely that the Commissioner erred, but also that the error was harmful. At the first four steps, this requires that Plaintiff also show that, but for the error, he might have proven his disability. In other words, when appealing a decision at the first four steps, if Plaintiff cannot articulate the basis for a decision in his favor, based on the existing record, he is quite unlikely to show that an error was harmful.

Plaintiff's contention that the ALJ erred at step two fails because it is clear that the ALJ's step two decision about which impairments were severe and which were not had no material impact on the ultimate determination. At step two, the ALJ found that Plaintiff had three severe impairments: HIV, back disorder, and impulse control disorder. The ALJ then proceeded to steps three, four, and five of the analysis. Plaintiff suffered no prejudice from the ALJ's step two decision that the kidney stones were not severe. See Pompa v. Comm'r of Soc. Sec., 73 Fed. Appx. 801, 803 (6th Cir. 2003) ("Because the ALJ found that [plaintiff] had a severe impairment at step two of the analysis, the question of whether the ALJ characterized any other alleged impairment as severe or not severe is of little consequence.") Plaintiff has failed to show that any error at step two was harmful to him.

At step four, while the ALJ refers to the evidence of kidney stones at two points (Tr. 20, 22), he did not discuss the question of whether the kidney stones had an impact on the residual

functional capacity determination.[1] The ALJ had concluded at step two that the medical evidence regarding the kidney stones did not suggest that the kidney stones resulted in any functional limitations. (Tr. 18.) Having made this determination at step two, there was no need for the ALJ to repeat it at step four.

Plaintiff bears the burden of showing that the ALJ's determination was not supported by substantial evidence. Plaintiff has not done so. Although Plaintiff's brief contains a contention challenging the ALJ's determination, the brief goes no further than making the contention. Plaintiff does not cite any medical evidence that states that the kidney stones at any time resulted in a limitation to Plaintiff's ability to work. Plaintiff's brief does list numerous pieces of evidence showing that, between 2010 and 2012, Plaintiff suffered from kidney stones and associated pain on a number of occasions, and received medical treatment for these conditions. (Pl.'s Br. 14-15.) Plaintiff's brief offers this as evidence in support of his contention that the ALJ disregarded his impairment from kidney stones. (Pl.'s Br. 16.) As already established, the ALJ did not disregard the fact that Plaintiff had suffered from kidney stones. As stated, the ALJ concluded at step two that the medical evidence regarding the kidney stones did not suggest that the kidney stones resulted in any functional limitations. (Tr. 18.) Plaintiff bears the burden of showing that the ALJ's determination of no functional limitations was not supported by substantial evidence.

Plaintiff has not pointed to any evidence that shows that the kidney stones have caused

---

[1] The ALJ had previously considered the kidney stone evidence at step two. (Tr. 17-18.) He reviewed the evidence of record and, in short, found that, given that the record showed that Plaintiff had gone for a year without any kidney stone treatment (between May of 2012 and June of 2013), this was not a severe impairment. (Tr. 18.)

functional limitations or prevented him from performing light work. Conspicuously absent from Plaintiff's brief is a citation to any medical opinion that, due to the kidney stones or the kidney stone pain, Plaintiff was limited in his ability to work. Because Plaintiff has cited no evidence that contradicts the ALJ's determination that Plaintiff retains the residual functional capacity for light work, this Court has no basis to find that the ALJ erred in his determination that the kidney stones had not limited Plaintiff's capacity to perform light work.

The ALJ's step four analysis is comprehensive and detailed. The opinion devotes nearly six full pages to the ALJ's consideration of the relevant medical evidence. In particular, the ALJ considered the question of the impact of Plaintiff's pain on his ability to sit, move, and so forth. (Tr. 20-21.) Plaintiff has neither argued nor shown how this analysis was even insufficient, much less not supported by substantial evidence.

Lastly, Plaintiff argues that the ALJ erred by failing to obtain the records for two hospitalizations in June, 2013 for kidney stones. Again, Plaintiff bears the burden of showing how this was harmful to him. There is no question that Plaintiff suffered from occasional kidney stones, and the ALJ was aware of that. Plaintiff does not claim that these 2013 records contained evidence that Plaintiff did not retain the residual functional capacity for light work. As such, Plaintiff has not begun to persuade that he was harmed by the ALJ's not obtaining those records.[2]

---

[2] Moreover, as the Commissioner points out, the hearing transcript shows that, at the hearing, the ALJ asked Plaintiff's counsel about whether any records were missing, and Plaintiff's counsel did not bring up the allegedly missing June, 2013 kidney stone treatment records. (Tr. 34-35.)

Plaintiff has failed to persuade this Court that the ALJ erred in his decision or that he was harmed by any errors.  This Court finds that the Commissioner's decision is supported by substantial evidence and is affirmed.


                                                                                     s/ Stanley R. Chesler
                                                         STANLEY R. CHESLER, U.S.D.J.

Dated: April 14, 2016